**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| Omar I. A. S.,<br><br>Plaintiff,<br><br>v.<br><br>Frank Bisignano, Commissioner of Social Security,<br><br>Defendant. | Case No. 2:26-cv-02120-DJA<br><br>**Order** |

Before the Court is Plaintiff Omar I. A. S.'s motion for leave to proceed *in forma pauperis* (meaning, to proceed without paying the filing fee). (ECF No. 1). Because the Court finds that Plaintiff has demonstrated an inability to prepay fees and costs or give security for them, it grants the application. The Court further finds that Plaintiff's complaint is sufficient to survive screening. (ECF No. 1-1). The Court finds these matters properly resolved without a hearing. LR 78-1.

## I. Discussion.

### *A. Plaintiff's* **in forma pauperis** *application.*

Plaintiff has submitted the affidavit required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. Plaintiff lives with his mother and receives only food stamps. The Court thus finds that Plaintiff is unable to pay an initial partial filing fee and grants the application to proceed *in forma pauperis.*

### *B. Screening Plaintiff's complaint.*

When a plaintiff seeks leave to file a civil case *in forma pauperis*, the court will screen the complaint. *See* 28 U.S.C. § 1915(e). For social security appeals, judges in this district consider four requirements for complaints to satisfy screening. *See, e.g.*, *Graves v. Colvin*, 2015 WL 357121, *2 (D. Nev. Jan. 26, 2015) (collecting cases). *See id.* First, the complaint must establish

that administrative remedies were exhausted under 42 U.S.C. § 405(g) and that the plaintiff filed the application within 60 days after notice of the Social Security Commissioner's final decision. *See id.* Second, the complaint must indicate the judicial district in which the plaintiff resides. *See id.* Third, the complaint must state the nature of the plaintiff's disability and when the plaintiff claims to have become disabled. *See id.* Fourth, the complaint must contain a plain, short, and concise statement identifying the nature of the plaintiff's disagreement with the determination made by the Social Security Administration and show that the plaintiff is entitled to relief.[1] *See id.*

Plaintiff's complaint is sufficient to survive screening. First, Plaintiff alleges that he exhausted his administrative remedies and timely filed his application after the Commissioner's final decision. Second, Plaintiff indicates that he resides in this judicial district. Third Plaintiff states the nature of his disability and when he claims to have become disabled. Fourth, Plaintiff includes a plain, short, and concise statement identifying the nature of his disagreement with the Social Security Administration's decision and alleges that he is entitled to relief.

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is **granted** with the caveat that the fees shall be paid if recovery is made. At this time, Plaintiff shall not be required to pay the filing fee.

**IT IS FURTHER ORDERED** that Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. The Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

---

[1] New rules govern social security cases, which provide in pertinent part that the plaintiff "may" provide a short and plain statement of the grounds for relief. Supp. R. Soc. Sec. 2(b)(2). In the context of an *in forma pauperis* screening, however, a social security plaintiff must still provide a sufficient explanation as to her contentions on appeal. *Jalal H. v. Comm'r of Soc. Sec.*, 2023 WL 35218, at *2 (S.D. Cal. Jan. 4, 2023).

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to file the complaint (ECF No. 1-1) and shall provide notice of the commencement of the action to the Commissioner in accordance with Rule 3 of the Supplemental Rules for Social Security Actions.

DATED: July 15, 2026,

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE